NO. 07-02-0121-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 21, 2004



______________________________




MARY LEE HUDSPETH GUNNELS, APPELLANT



V.



CITY OF BROWNFIELD, TEXAS; EARL ELROD, INDIVIDUALLY AND IN


HIS CAPACITY AS CITY INSPECTOR; AND R. C. FLETCHER, INDIVIDUALLY


AND IN HIS CAPACITY AS CITY MANAGER, APPELLEES




_________________________________



FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;



NO. 14,545; HONORABLE MACKEY HANCOCK, JUDGE



_______________________________



Before JOHNSON, C.J. and REAVIS and CAMPBELL, JJ.

OPINION ON REHEARING


 Appellant Mary Lee Hudspeth Gunnels has moved for rehearing following issuance
of our opinion affirming summary judgment against her. We remain convinced that our
disposition of appellant's appeal was correct, but write to address one of the contentions
in the motion for rehearing.

 Our opinion concluded that summary judgment against appellant on her malicious
prosecution claims was proper because there was no evidence of the lack of probable
cause for initiation of appellant's prosecution by city inspector Elrod and city manager
Fletcher. Appellant asserts that, with respect to appellant's prosecution under the City of
Brownfield's handbill ordinance, we have failed to address the summary judgment evidence
that the handbills Fletcher observed were on vehicles in the parking lot of the football
stadium, not on the city streets as required under the ordinance. An argument proceeding
from that evidence, though, was not expressly presented in appellant's responses to
appellees' motions for summary judgment in the trial court. On appeal, we are not to
consider as grounds for reversal of a summary judgment issues not expressly presented
to the trial court by written motion, answer or other response. Tex. R. Civ. Proc. 166a(c);
Cook-Pizzi v. Van Waters & Rogers, Inc., 94 S.W.3d 636, 643 (Tex.App.--Amarillo 2002,
pet. denied). 

 The references to appellant's position that there was no evidence of handbills on the
streets in her responses to the motions for summary judgment appear in the factual
recitations contained in the section appellant entitled "Nature of Plaintiff's Case."
Appellant's argument challenging Elrod and Fletcher's no-evidence ground on her
malicious prosecution claim contains no mention of the argument she now urges. The
passing references in the statement of the nature of her case fail to meet the "expressly
presented" requirement of Rule 166a(c) and may not now be used to reverse the trial
court's judgment. See McConnell v. Southside Ind. Sch. Dist., 858 S.W.2d 337, 341 (Tex.
1993) (issue not expressly presented by mere reference to summary judgment evidence).

 Moreover, even if the argument had been presented to the trial court, neither at trial
nor on appeal has appellant pointed out probative evidence with respect to the location at
which the flyers were observed sufficient to raise an issue of fact concerning the probable
cause element of appellant's malicious prosecution claim. In her motion for rehearing,
appellant refers us to a page of Fletcher's October 10, 2000 affidavit, which recites facts
concerning his discovery of the flyer on the windshield of his vehicle and that of other
vehicles in the vicinity. The sparse facts recited in the affidavit concerning the locations of
the flyers are not sufficient to raise an issue of fact concerning the absence of probable
cause to believe that the ordinance had been violated. 

 Appellant emphasizes that the record contains no proof that a flyer was seen or
found on the city streets. The argument misplaces the burden associated with a no-evidence motion for summary judgment. Assuming, arguendo, that evidence Fletcher did
not see a flyer on a street would be sufficient to raise an issue concerning his probable
cause to believe a violation of the ordinance had occurred, it was appellant's burden to
point out probative evidence of that fact. She has not done so. 

 We consider that the other matters appellant raises in her motion for rehearing are
addressed adequately by our opinion. Appellant's motion for rehearing is overruled. 


 James T. Campbell

 Justice



and
submitting an appellate brief).

          We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue the appeal, is indigent, and has been denied effective assistance of counsel, we
further direct it to appoint new counsel to assist in the prosecution of the appeal. The
name, address, phone number, telefax number, and state bar number of the new counsel,
if any, who will represent appellant on appeal must also be included in the court’s findings
of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk’s record containing the findings of fact and conclusions
of law and 2) a reporter’s record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk’s
record to be filed with the clerk of this court on or before April 6, 2009. Should additional
time be needed to perform these tasks, the trial court may request same on or before April
6, 2009.
          It is so ordered.
 
                                                                           Per Curiam
Do not publish.